# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| DEE CARTER,<br>    Plaintiff, | Case No. 3:20-cv-451 |
| vs. | Rose, J.<br>Litkovitz, M.J. |
| GREEN METROPOLITAN<br>HOUSING AUTHORITY, et al.,<br>    Defendants. | **ORDER AND REPORT AND<br>RECOMMENDATION** |

Plaintiff, a resident of Springfield, Ohio, bring this pro se civil action against the Greene Metropolitan Housing Authority (GMHA) and TCN Behavioral Health Services. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). This matter is also before the Court on plaintiff's motion to amend/correct the complaint. (Doc. 4).

For good cause shown, the motion to amend/correct the complaint (Doc. 4) is **GRANTED**, and the Court will review plaintiff's complaint in light of the additional information contained in the motion to amend/correct the complaint.

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma*

*pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

The complaint alleges that defendant GMHA violated plaintiff's rights under the United States Constitution and the federal Privacy Act, 5 U.S.C. § 552a, by "using a forged information release form by putting [his] private information in the data base knowing the form was forged." (Doc. 2 at 3). Plaintiff alleges defendant TCN Behavioral Health Services also violated his rights when it knowingly used a forged release form and gave his private information to GMHA without plaintiff's permission. As best the Court can discern from the supplemental information provided by plaintiff, TCN was helping plaintiff apply for public housing. During that process, plaintiff observed an authorization for release of information form that contained his signature, which was not genuine. Plaintiff appears to allege his case manager at TCN forged his signature on the form. As relief, plaintiff seeks money damages.

Plaintiff's complaint should be dismissed against all defendants. First, plaintiff's complaint fails to state a claim for relief under the federal Privacy Act. The Privacy Act applies only to federal agencies, and not to individuals or local or state agencies. As the defendants are

not federal agencies, plaintiff's Privacy Act claim should be dismissed. *See Schmitt v. City of Detroit*, 395 F.3d 327, 331 (6th Cir. 2005). *See also Wiles v. Ascom Transp. Sys., Inc.*, 478 F. App'x 283, 295 (6th Cir. 2012).

Second, plaintiff's complaint fails to state a claim for relief under 42 U.S.C. § 1983 for a violation of his constitutional rights. Plaintiff's complaint provides no factual content or context from which the Court may reasonably infer that the defendants violated plaintiff's constitutional rights. *Iqbal*, 556 U.S. at 678. Plaintiff has not alleged he suffered any harm from the alleged forgery, and his allegations generally amount to legal conclusions that in themselves are insufficient to give the defendant or the Court notice of the factual basis for plaintiff's claims. *Twombly*, 550 U.S. at 555.

Third, to the extent plaintiff is attempting to bring a state law claim against the defendants for forgery, he cannot do so. The Ohio forgery statute prohibits the acts of forging "any writing of another without the other person's authority" or forging "any writing so that it purports to be genuine when it actually is spurious, or to be the act of another who did not authorize that act. . . ." Ohio Rev. Code § 2913.31(A)(1) & (2). Under the statute, forgery is a crime and not a civil cause of action. Courts in Ohio have held that a plaintiff cannot assert a claim predicated upon an alleged violation of a criminal statute because "[c]riminal violations are brought not in the name of an individual but rather by, and on behalf of, the state of Ohio or its political subdivisions." *Biomedical Innovations, Inc. v. McLaughlin*, 658 N.E.2d 1084, 1086 (Ohio 1995). *See also Culberson v. Doan*, 125 F. Supp. 2d 252, 279-80 (S.D. Ohio 2000) (applying the principles of Ohio law set forth in *Biomedical Innovations* to dismiss plaintiff's claim of obstruction of justice predicated upon alleged violations of Ohio Rev. Code §§ 2923.31 and 2923.32); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a

judicially cognizable interest in the prosecution or nonprosecution of another."). Therefore, his forgery claim should be dismissed.

Finally, the Court does not have jurisdiction over any state law claims plaintiff may be alleging. *See* 28 U.S.C. § 1332(a). To establish diversity jurisdiction, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, plaintiff and the defendants are Ohio citizens. Therefore, there is no complete diversity of citizenship in this case. This Court lacks subject matter jurisdiction on the basis of diversity of citizenship over any state law claims plaintiff may be alleging.

Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 11/25/2020

Karen L. Litkovitz
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DEE CARTER,
    Plaintiff,

vs.

GREEN METROPOLITAN
HOUSING AUTHORITY, et al.,
    Defendants.

Case No. 3:20-cv-451

Rose, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).